UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00702-FDW-DCK

| | | |
|---|---|---|
| EYETALK365, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SKYBELL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 23) or transfer this case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1400(b) & 1406(a). After a careful review, the Court DENIES Defendant's Motion.

A defense of improper venue is properly preserved when it is included in a Rule 12(b) motion or "in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." FED. R. CIV. P. R. 12(h). Even if a venue challenge is properly preserved, a defendant may still waive that challenge by actively participating in the case or by waiting a significant period of time to seek relief. See Hamilton v. Atlas Turner, Inc., 197 F.3d 58 (2d Cir. 1999); Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd., 181 F.3d 435 (3d Cir. 1999); Hand Held Products, Inc. v. Code Corp., No. 2:17-CV-167-RMG, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017); Plunkett v. Valhalla Investment Services, Inc., 409 F.Supp.2d 39 (D. Mass. 2006).

In response to the United States Supreme Court's TC Heartland LLC v. Kraft Foods Group Brands LLC May 22, 2017, decision, Defendant may have properly preserved its venue challenge by including it in its First Amended Answer (Doc. No. 18) pursuant to Rule 12(h); however,

1

Defendant continued litigating this case for over two months before filing its motion to dismiss. 137 S. Ct. 1514 (2017).  Defendant participated in the Court-Ordered Initial Attorney Conference, the drafting of the Certification of Initial Attorney Conference and Discovery Plan (Doc. No. 21), and continued to participate in discovery by actively serving requests for production, interrogatories, and a third-party subpoena.  (Doc. No. 33).  Most notably, Defendant took receipt of Plaintiff's Initial Infringement Contentions.  Id.

The Court agrees with Plaintiff.  This case is no longer at the pleadings stage.  The Patent Claim Construction Scheduling Order (Doc. No. 22) was issued June 30, 2017, and discovery is ongoing.  If Defendant wished to pursue a dismissal or transfer pursuant to TC Heartland, it should have done so directly after the case was decided.  137 S. Ct. at 1514.

Accordingly, Defendant's Motion to Dismiss (Doc. No. 23) is DENIED.

IT IS SO ORDERED.

Signed: August 24, 2017

Frank D. Whitney
Chief United States District Judge